DAN R. BUTTS, Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, STATE OF HAWAII, Respondent-Appellee
No. 29506
Intermediate Court of Appeals of Hawaii.
September 23, 2009.
Emmanuel G. Guerrero, for Petitioner-Appellant.
Mark J. Bennett, Attorney General, Dorothy Sellers, Solicitor General, Rebecca A. Copeland, Deputy Solicitor General, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
NAKAMURA, Chief Judge, Watanabe and Leonard, JJ.
Petitioner-Appellant Dan Richard Butts (Butts), aka Dan R. Butts, appeals the Decision and Order Affirming Administrative Revocation, filed on November 3, 2008, in the District Court of the First Circuit, Honolulu Division (District Court).[1]
On appeal, Butts contends the District Court erred by: (1) affirming the finding of the Administrative Director of the Courts, acting through a hearing officer of the Administrative Driver's License Revocation Office (collectively referred to as the ADLRO), that the Administrative Review Decision was mailed to Butts in accordance with Hawaii Revised Statutes (HRS) § 291E-37;[2] (2) affirming the ADLRO's finding that Butts failed to contest that the Administrative Review Decision was timely mailed; (3) affirming the ADLRO's conclusion that the Administrative Review Decision was mailed within the statutory time period, pursuant to HRS § 291E-37; (4) affirming the ADLRO's conclusion that Butts was negligent in not correcting the mailing information in his Notice of Administrative Revocation; and (5) failing to find that the ADLRO hearing officer abused his discretion by shifting the burden to Butts to show that the ADLRO correctly mailed the Administrative Review Decision within the statutory time period, pursuant to HRS § 291E-37. Butts's over-arching argument is that the ADLRO proceedings should have been terminated because the Notice of Administrative Revocation was mailed to his street address without reference to his specific unit number.
Upon a thorough review of the record and the briefs submitted by the parties, and having duly considered the issues and arguments raised on appeal, as well as any authorities relevant thereto, we resolve Butt's contentions as follows:
The ADLRO did not act arbitrarily, abuse its discretion, or make a determination unsupported by the evidence in the record. Although some documents, such as Butt's driver's license and arrest report, included a unit number for Butts's address, other documents in the record do not. Butts's Certificate of Motor Vehicle Registration listed his address without a unit number. Similarly, Incident Reports by Officers Eric Fontes and Garrick Orosco contained Butts's address but did not list a unit number. Although Butts's attorney argued that the Notice of Administrative Review Decision was fatally flawed by the failure to include a unit number, he did not contend that the Notice was not received by Butts and presented no testimony or evidence supporting the assertion that the "correct" mailing address necessarily included a unit number.
HRS § 291E-36(b) required that the ADLRO be provided with copies of the arrest report and other sworn statements by officers, a copy of the Notice of Administrative Revocation, a copy of Butts's driver's license, and a copy of Butts's Certificate of Motor Vehicle Registration. In light of conflicting documents in the record, the ADLRO could have reasonably concluded that a unit number was not required to mail a document to Butts because the Notice of Administrative Revocation and Motor Vehicle Registration did not contain a unit number. Therefore, the ADLRO's findings of fact are not clearly erroneous. The Notice of Administrative Review Decision was mailed to Butts on July 18, 2008 at his correct address, within the statutory time period of eight days, pursuant to HRS § 291E-37. On July 30, 2008, through counsel, Butts requested a hearing on the matter and, on August 25, 2008, Butts's counsel attended the hearing and argued that the revocation proceedings should be terminated. To the extent that Butts's argument is that, as a matter of law, the ADLRO Notice of Administrative Review Decision was not mailed to Butts, as required under HRS § 291E-37, Butts's argument is unpersuasive.
The District Court's November 3, 2008 Decision and Order Affirming Administrative Revocation is affirmed.
NOTES
[1] The Honorable William A. Cardwell presided.
[2] HRS § 291E-37(a) states:

§ 291E-37 Administrative review; procedures; decision. (a) The director automatically shall review the issuance of a notice of administrative revocation and shall issue a written decision administratively revoking the license and privilege to operate a vehicle, and motor vehicle registration if applicable, or rescinding the notice of administrative revocation. The written review decision shall be mailed to the respondent, or to the parent or guardian of the respondent if the respondent is under the age of eighteen, no later than:
(1) Eight days after the date the notice was issued in a case involving an alcohol related offense; or
(2) Twenty-two days after the date the notice was issued in a case involving a drug related offense.